Joyce WHITE, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent,

and

United States Postal Service, Intervenor.

No. 2011–3108.

United States Court of Appeals, Federal Circuit.

Jan. 23, 2012.

PER CURIAM.

## ORDER

IT IS ORDERED THAT:

Joyce White ("White") petitions for review of a decision of the Merit Systems Protection Board ("Board"), which dismissed White's appeal for lack of jurisdiction. *White v. U.S. Postal Serv.*, No. DC–0752–11–0137–I–1 (M.S.P.B. Dec. 28, 2010) ("*Board Decision*"). The Board Decision is *vacated and remanded.*

In 1985, White was employed as a mail handler with the U.S. Postal Service. During her employment, she suffered on-the-job injuries, most recently in 2004. When she returned to work in a "limited duty" assignment in January 2009, White had a restoration right as set out in 5 C.F.R. § 353.301(d):

> Agencies must make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty. At a minimum, this would mean treating these employees substantially the same as other handicapped individuals under the Rehabilitation Act of 1973, as amended.

In 2010, after reevaluation under the National Reassessment Process ("NRP"), White was informed that the Postal Service did not have a position that met her medical restrictions. Under the NRP, managers of limited-duty employees must ensure that limited-duty employees' assignments contain only "operationally necessary tasks." If operationally necessary tasks within an employee's work restrictions cannot be identified, the employee is placed on leave until such work becomes available or her medical restrictions change. *See Board Decision,* slip op. at 2.

White filed an appeal with the Board claiming an improper denial of her restoration right. Under 5 C.F.R. § 353.304(c), "[a]n individual who is partially recovered from a compensable injury may appeal to MSPB for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration." White claimed that the Postal Service's determination that there were no operationally necessary tasks meeting her medical restrictions was a "lie," and also that the Postal Service improperly retained "light duty" employees who were injured off-duty, in violation of the Employee and Labor Relations Manual, the Mail Handlers Contract, and other regulations. *See Board Decision,* slip op. at 4–5. An administrative judge dismissed her appeal for lack of jurisdiction, finding that White failed to make a nonfrivolous allegation that the agency's action was arbitrary and capricious. *Id.* at 5–6. White did not file a petition for review, making the administrative judge's decision the final decision of the Board.

On appeal, the Board argues that White's allegation that the Postal Service's decision was a "lie" did not provide a basis for Board jurisdiction, but that a remand is appropriate because the administrative judge did not address White's allegation that the Postal Service violated the collective bargaining agreement and regulations by retaining other employees who were injured off-duty. Resp't's Br. 19. The Department of Justice argues that the Board Decision should be affirmed. Intervenor's Br. 4–5. White agrees with the Board that a remand is appropriate. Pet'r's Reply Br. 7.

We agree with the Board that there is no merit to White's claim that the Board erred in rejecting the claim that the Postal Service's decision was a "lie." But we vacate the Board Decision and remand for the Board to evaluate whether White's allegation that the Postal Service violated an agency agreement and its regulations

forms a basis for jurisdiction under 5 C.F.R. § 353.304(c).